UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. 3:13-CR-0031-B-1 |
| § | |
| TERRY LYNN JACKSON, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Terry Lynn Jackson's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582 (Doc. 67). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.
## BACKGROUND

On October 10, 2013, Jackson was sentenced to 160 months of imprisonment and four years of supervised release after pleading to four counts of possession with the intent to distribute and the distribution of 28 grams or more of cocaine base. Doc. 42, J., 1–3. Jackson's sentence was subsequently reduced under 18 U.S.C. § 3582(c)(2). *See* Doc. 64, Order. Jackson is sixty-one years old and is currently housed at Big Spring Federal Correctional Institution (FCI), with a statutory projected release date of May 19, 2022.[1] Big Spring FCI has five current cases of COVID-19 among

---

[1] The Bureau of Prisons (BOP)'s inmate locator can be accessed at https://www.bop.gov/inmateloc/ (last accessed August 24, 2020).

-1-

its inmates, and six among its staff.[2]

On August 10, 2020, Jackson filed a motion to reduce his sentence under 18 U.S.C. § 3582 because, he alleges, he is at high risk for developing severe symptoms from COVID-19 should he contract the virus due to his age, hypertension, high blood pressure, and heard disease. Doc. 67, Def.'s Mot., 1–3. The Court directed the Government to respond to Jackson's motion. Doc. 68, Electronic Order. All briefing has been filed, and the motion is ripe for review.

Upon review, the Court concludes that Jackson has neither exhausted his administrative remedies nor shown that his release is warranted by extraordinary and compelling reasons. Therefore, Jackson's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* § 3582(c). But, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

---

[2] The BOP's COVID-19 statistics can be accessed at https://www.bop.gov/coronavirus/ (last accessed August 24, 2020).

## III.

## ANALYSIS

The Court finds that Jackson has neither satisfied the exhaustion requirement nor demonstrated extraordinary and compelling reasons that warrant his release under § 3582.

A.  *Jackson Has Not Proven Exhaustion.*

Under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, the Court may reduce the term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).

Jackson attached a letter, dated July 2, 2020, that purports to show that he requested that the warden release him under § 3582. *See* Doc. 67, Def.'s Mot., 5. However, the Government submitted a letter from the BOP, dated August 18, 2020, from Jackson's Case Manager, G. Roman, that there is "no record indicating FCI Big Spring has received a request for compassionate release/reduction in sentence from inmate Jackson or from any person on inmate Jackson's behalf." Doc. 69-2, BOP Letter. Moreover, the letter that Jackson attaches leaves blank the "Submitted to Prison Staff on" section of the letter. *See* Doc. 67, Def.'s Mot., 5. In light of this omission, and the BOP letter, the Court finds that Jackson has not proven he has made any request to the warden for compassionate release.[3]

Accordingly, the Court concludes that Jackson has not shown that he has exhausted his

---

[3] Jackson also attaches correspondence he had with the warden and his case manager about whether the First Step Act addresses the COVID-19 pandemic. *See* Doc. 67, Def.'s Mot., 8–9. But these are not requests to the warden for his release.

administrative remedies.

B. *Irrespective of Exhaustion, Jackson Fails to Demonstrate Extraordinary and Compelling Reasons That Warrant His Release.*

Regardless of Jackson's failure to exhaust his BOP remedies, he has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[4] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court will do so here as well.

Here, Jackson alleges that he is at risk for severe symptoms of COVID-19 should he contract the virus because of his age—he is sixty-one—and his medical conditions, which include hypertension and heart disease due to hypertension. Doc. 67, Def.'s Mot., 2–3. He attaches evidence of the medication he takes for these conditions. *See id.* at 6–7.

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13(1)(A) cmt. 1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

Despite Jackson's conditions, the Court finds that he has not demonstrated extraordinary and compelling reasons that warrant his release. Big Spring FCI has only five current cases of COVID-19 among its inmates, and six among its staff. *See supra* at 1–2. There have been no COVID-19 related deaths at Big Spring FCI. *See id.* at n.1. Jackson has not shown that Big Spring FCI is ill-equipped to care for him in light of his conditions, or ill-equipped to handle the COVID-19 pandemic. *See United States v. Clark*, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) ("[T]here is no evidence before the Court that BOP's plan to address the pandemic will not adequately protect inmates.").[5]

Therefore, Jackson has failed to demonstrate extraordinary and compelling reasons that warrant his release under § 3582.

## IV.

## CONCLUSION

Jackson has failed to demonstrate both exhaustion of his administrative remedies and extraordinary and compelling reasons for his release. Specifically, Jackson has not shown that Big Spring FCI is ill-equipped to monitor Jackson's medical conditions in light of COVID-19. Therefore, Jackson's motion (Doc. 67) is **DISMISSED WITHOUT PREJUDICE**.

By dismissing without prejudice, Jackson is permitted to file another motion for compassionate release, should he exhaust his administrative remedies and the conditions at Big Spring FCI worsen.

---

[5] The Government argues that "[t]he focus of the policy statement is on whether an inmate has an actual serious medical condition, not whether an inmate merely has risk factors for developing a serious illness . . . ." Doc. 69, Gov't's Resp., 13. However, the Court notes that policy statement's catch-all provision provides flexibility as to what constitutes "extraordinary and compelling" reasons for release. *See supra* at n.4.

SO ORDERED.

SIGNED: August 28, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE