UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-0031-B |
| | § | |
| TERRY LYNN JACKSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Terry Lynn Jackson's Motion to Reconsider and Amend to 18 U.S.C. § 3582(c)(1) (Doc. 71). The Court previously denied Jackson a sentence reduction by Order dated August 28, 2020 ("Order"). *See* Doc. 70, Mem. Op. & Order, 5–6. Jackson now moves the Court to reconsider the Order, citing an increase in COVID-19 cases at his facility. Doc. 71, Def.'s Mot., 1. For the reasons that follow, the motion is **DENIED**.

### I.

### BACKGROUND

On October 10, 2013, the Court sentenced Jackson to 160 months of imprisonment and four years of supervised release after he pleaded guilty to possession with the intent to distribute and the distribution of cocaine base. Doc. 42, J., 1–3. The Court subsequently reduced Jackson's sentence to 128 months. *See* Doc. 64, Order. Jackson is sixty-one years old and serving his sentence at Big Spring Federal Correctional Institution (FCI), with a statutory release date of May 19, 2022.[1] On

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed December 15, 2020).

-1-

August 10, 2020, Jackson filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582. Doc. 67, Def.'s Mot., 1. In his motion, Jackson claimed that his "underlying conditions"—namely, his age, hypertension, and heart disease—present a high risk for developing severe symptoms from COVID-19 and thus warrant a reduction in his sentence. *Id.* at 1–3. After considering Jackson's motion, as well as the Government's response (Doc. 69), the Court found that Jackson "failed to demonstrate both exhaustion of his administrative remedies and extraordinary and compelling reasons for his release." Doc. 70, Mem. Op. & Order, 5. Accordingly, the Court denied Jackson's motion without prejudice. *Id.* By denying it without prejudice, the Court "permitted [Jackson] to file another motion for compassionate release" in the event that he exhausts his administrative remedies and shows that extraordinary and compelling reasons warrant a reduction in sentence. *Id.* At the time the Court issued the Order, Big Spring FCI had five cases of COVID-19 among its inmates and six among its staff. *Id.* at 1–2. Currently, Big Spring FCI has ninety cases of COVID-19 among its inmates and six among its staff.[2]

Jackson filed a motion for reconsideration of the Order on September 9, 2020 (Doc. 71), and the motion is ripe for review.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies,

---

[2] The BOP's COVID-19 statistics can be accessed at https://www.bop.gov/coronavirus/ (last accessed December 15, 2020).

may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

The Court denied Jackson's request for sentence reduction on two alternative grounds: (1) Jackson's failure to exhaust his administrative remedies; and (2) Jackson's failure to demonstrate extraordinary and compelling reasons warranting release. Doc. 70, Mem. Op. & Order, 3–5.

In his motion for reconsideration, Jackson's only argument is that "[s]ince the [Order,] there ha[ve] been 74 new [COVID-19] cases, and rising." Doc. 71, Def.'s Mot., 1. He also attaches to his motion a letter from the warden at Big Spring FCI—dated August 24, 2020—denying Jackson's request for compassionate release. Doc. 71, Def.'s Mot., 3. As a preliminary matter, the Court finds that this letter demonstrates that Jackson has exhausted his administrative remedies.[3] However, because Jackson does not demonstrate extraordinary and compelling reasons warranting a reduction in sentence, Jackson's motion for reconsideration is denied.

---

[3] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5. Because this letter establishes that the warden received Jackson's request more than thirty days ago, Jackson meets the exhaustion requirement.

In order to grant a reduction in sentence under § 3582(c)(1)(A), the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Chambliss*, 948 F.3d at 692–93 (citation and quotation marks omitted). This determination is made on an individual basis, considering the defendant's specific circumstances. *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). In determining whether extraordinary and compelling reasons exist, the Court considers various factors, including but not limited to the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.

In the Order, the Court found that no extraordinary and compelling reasons warranted a reduction in sentence because "[d]espite Jackson's conditions . . . Jackson has not shown that Big Spring FCI is ill-equipped to care for him . . . ." Doc. 70, Mem. Op. & Order, 5. This finding remains true. While Jackson is correct that the number of active COVID-19 cases among inmates at Big Spring FCI has increased since the Order was issued, this fact alone does not warrant reconsideration because it does not demonstrate that Big Spring FCI is unable to properly care for Jackson individually. *See Delgado*, 2020 WL 2542624, at *3. Jackson's motion to reconsider does not address the care that he receives at Big Spring FCI, the precautions taken at Big Spring FCI to avoid exposure to the COVID-19 virus, the manageability of his conditions, or any other fact specific to Jackson's individual circumstances. In the absence of extraordinary and compelling reasons specific to Jackson, a reduction in sentence is improper.

Therefore, the Court concludes that its original determination was correct and that it properly denied Jackson's motion for a sentence reduction.

## IV.

## CONCLUSION

For the aforementioned reasons, Defendant Terry Lynn Jackson's Motion to Reconsider and Amend to 18 U.S.C. § 3582(c)(1) (Doc. 71) is **DENIED**.

**SO ORDERED.**

**SIGNED: December 22, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE